IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DENNIS BURBACK, KEN EDDY and MARK ANDERSEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:20-cv-00946-SDJ |
| ROBERT OBLON, JORDAN BROCK, JEFF BOLLINGER, JOHN THATCH, FOUR OCEANS GLOBAL, LLC, FOUR OCEANS HOLDINGS, INC., ALCHEMIST HOLDINGS, LLC, ELEPRENEURS U.S., LLC, ELEVACITY U.S., LLC, SHARING SERVICES GLOBAL CORPORATION, CUSTOM TRAVEL HOLDINGS, INC., and DOES 1-5, | § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT JOHN "JT" THATCH'S REPLY TO PLAINTIFFS' RESPONSE TO MOVANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant John "JT" Thatch ("Movant") files his Reply ("Reply") to Plaintiffs' Response ("Response") [ECF No. 26] to Movant's Motion to Dismiss for Failure to State a Claim ("Motion") [ECF No. 19], as follows:

**SUMMARY OF REPLY**

Movant's Motion challenges the sufficiency of Plaintiffs' pleading and demonstrates with abundant clarity that Plaintiffs have failed to satisfy their pleading burdens under both Rule 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Plaintiffs' Response to Movant's Motion to Dismiss is nothing more than a regurgitation of the same insufficient allegations

contained in their Complaint,[1] which as detailed in Movant's Motion, is woefully deficient to survive a motion to dismiss under the applicable standards. The Court need only review the allegations in Plaintiffs' Complaint to arrive at the same conclusion.

## PLAINTIFFS' ERRORNEOUS CHRONOLOGY BELIES THEIR CLAIMS AGAINST MOVANT

It is important to note that Plaintiffs' alleged causes of action against Movant suffer from a factual flaw related to the chronology. Movant was not even associated with the Defendants during the relevant time period when the Plaintiffs contend the fraudulent conduct occurred.[2] The crux of Plaintiffs' claims is that Defendant Robert Oblon on behalf of Defendant Four Oceans Group fraudulently solicited investments from the Plaintiffs.[3] In fact, Movant's name does not even appear in the substantive portion of the Complaint until page 19, well into Plaintiffs' allegations of fraud, and subsequent to the transactions which form the basis of Plaintiffs' alleged fraud claims. The alleged fraud, including the Plaintiffs' crucial act of reliance on the alleged fraud, occurred well before Movant had any association with the other persons or entities involved in this matter.[4]

## ARGUMENTS AND AUTHORITIES IN SUPPORT OF REPLY

### A. Plaintiffs Erroneously Try to Impute Fraud to Movant.

Plaintiffs' Response concedes two important points: (1) that Plaintiffs' claims in this case are squarely fraud-based claims, and (2) Plaintiffs' claims against Movant are based upon

---

[1] *Plaintiffs' Response*, at pp. 3-7, 12, 14, 17-20, n. 2-17, 47-54, 64-72, 80-81, 85-87, 91-98 (containing citations to over a hundred paragraphs of Plaintiffs' Complaint).

[2] Plaintiffs concede that Movant did not even become connected with any of the Defendant companies until 2018, <u>two and a half years after</u> the alleged fraudulent activity upon which Plaintiffs' entire case is predicated allegedly took place. *See Complaint* at p. 10, ¶ 42; p. 19, ¶ 68.

[3] *See Complaint* at pp. 10, ¶¶ 41-42.

[4] *See Complaint* at pp. 10-11, ¶¶ 41-44.

Movant's alleged "silence", "omissions" and "nondisclosures" as opposed to the mere "handful" of alleged misstatements allegedly made by Movant.  *Plaintiffs' Response*, at pp. 2-3, 6-7 (stating that Plaintiffs' "case is one primarily sounding in fraud", that Plaintiffs "only attribute a handful of overt statements to [Movant]" which "***do not form the crux of Plaintiffs' claims against [Movant]***" and that the "heart of the case against [Movant]" are his alleged "silence, omissions, and nondisclosures") (emphasis added).[5]  Thus, Plaintiffs effectively admit they are not asserting a traditional fraud claim against Movant (which simply bolsters Movant's challenge to the impropriety of such claims) and that their claims against Movant are entirely predicated upon Movant's "silence".  *Id*.

Accordingly, the heightened pleading requirements of Rule 9(b) for fraud claims are particularly important in this case where the entirety of Plaintiffs' claims are admittedly predicated upon the alleged acts of people other than Movant, which Plaintiffs conveniently and generically contend should simply be imputed to Movant by "inference".  *Id*. at pp. 6-7 (alleging Movant is liable based upon "other facts and inferences therefrom, including statements from his co-conspirators, when considered as a whole and taken as true . . . .").

Despite Plaintiffs' contention that their claims against Movant are "supported by well-pleaded, specific facts" and are not "merely speculation", a review of Plaintiffs' Complaint reveals just the opposite.  Similarly, being nothing more than a lengthy regurgitation of the same conclusory allegations from their Complaint, Plaintiffs' Response does not somehow magically translate their deficient pleading into one that meets their heightened burden to survive Movant's Motion to Dismiss.

---

5      *Accord Plaintiffs' Response*, at pp. 6-7 ("Plaintiffs went to great lengths to make clear that the Complaint allegations relating to [Movant] were predicated upon his subsequent knowledge of [prior alleged fraudulent acts] . . . . [Movant] learned of and had actual (or at least constructive) knowledge of the [prior alleged fraudulent acts] at some time after [the alleged fraudulent acts] . . . .").

### B. Applicable Pleading Standards – FRCP 9(b) and 12(b)(6).

The applicable standards for construing the sufficiency of fraud pleadings under Rules 12(b)(6) and 9(b) are well known to the Court and succinctly outlined in Movant's Motion. *See Movant's Motion*, at pp. 4-7 (outlining 12(b)(6) and 9(b) standards) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (reviewing a motion to dismiss under 12(b)(6) is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Jefferson v. Lead Indust. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997) (summarizing "familiar" 12(b)(6) standards), *Gonzalez v. Bank of Am. Ins. Servs.*, 454 F. App'x 295, 301 (5th Cir. 2011) (affirming district court dismissal of plaintiff's fraud claim, stating that "[a]lthough the amended complaint is replete with generalized allegations of wrongful conduct, [plaintiff] fails to allege facts indicating that [defendants] acted in an actionable manner towards him personally"); *Williams v. WMX Techs.*, 112 F.3d 175, 177-80 (5th Cir. 1997) (remanding case to district court to dismiss plaintiff's fraud claims for failure to plead alleged fraud with particularity as required by Rule 9(b), stating that "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2nd Cir. 1993)).

Notwithstanding these well-settled standards, Plaintiff's Response (and indeed Plaintiffs' Complaint itself) relies almost exclusively upon the premise that the Court must simply take their allegations as true and that the "inferences" drawn from their pleaded facts "when viewed in a light most favorable to Plaintiffs" are enough to survive a motion to dismiss. *Plaintiffs' Response*, at pp. 1, 6-7. However, Plaintiffs' burden is not merely to "apprise [Movant] of the nature of

Plaintiffs' claims against him";[6] Plaintiffs' burden is <u>to plead with particularity</u> sufficient factual allegations that "raise a right to relief above the speculative level," which means that a Court cannot "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (stating that "plausibility standard requires more than a sheer possibility that the defendant acted unlawfully."); *accord Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-M, 2017 WL 721079, at *1-3 (N.D. Tex. Feb. 23, 2017) (dismissing plaintiff's complaint for failing to satisfy the pleading standards set forth in *Twombly* and *Iqbal* and concluding that plaintiff's complaint failed to "adequately plead facts from which the Court could conclude that the Defendant is liable for the misconduct alleged."). Here, Plaintiffs' entire premise that their claims against Movant can simply be "inferred" from a litany of conclusory legal conclusions is entirely incorrect. *See Iqbal*, 556 U.S. at 678 (although all factual allegations in a complaint are taken as true, this presumption is "inapplicable to legal conclusions"); *accord Jefferson*, 106 F.3d at 1250 ("conclusory legal accusations that merely masquerade as factual conclusions will not preclude dismissal.").

Despite the voluminous nature of Plaintiffs' Complaint (and Response), as detailed in Movant's Motion, Plaintiffs' conclusory allegations against Movant are legally insufficient to satisfy their requisite pleading standards for fraud claims under the above-cited rules. Plaintiffs' Response further highlights the deficiencies in Plaintiffs' pleadings.

     **C.    The Alleged Silence Is Not Enough -- Plaintiffs' Do Not Allege a Legally Cognizable Duty to Disclose.**

Given that Plaintiffs now concede that their claims against Movant are solely predicted upon his "silence" or "nondisclosures", the propriety of Plaintiffs' Complaint against Movant naturally becomes a narrower and more focused analysis on Plaintiffs' specific allegations, or the

---

6    *Plaintiffs' Response*, at p. 2 (contending that the analysis of Movant's Motion is simply "*whether, assuming all the allegations – and all inferences that properly may be drawn [sic] the allegations – are true*, those allegations and inferences sufficiently apprise [Movant] of the nature of Plaintiffs' claims against him . . . .") (italics in original).

lack thereof, related to Plaintiffs' fraud by nondisclosure claim against Movant. *See supra*, at p. 2 (citing to portions of Plaintiffs' Response conceding true nature of claims against Movant); *accord Plaintiffs' Response*, at pp. 2-3, 6-7, 10.

Plaintiffs fail to allege in their Complaint that Movant owed Plaintiffs a specific, legally cognizable duty to disclose certain facts, such as a fiduciary duty.[7] Instead, Plaintiffs merely allege that "[all] Defendants had a duty to Plaintiffs that required them to disclose facts to Plaintiffs." *Plaintiffs' Complaint*, at ¶ 183. Despite their duty to establish a duty to disclose, in their Response, Plaintiffs attempt to rely upon the premise that a "duty to speak arises by operation of law" in an apparent effort to salvage the glaring omission of specific facts in their Complaint which would even arguably give rise to such a duty as against Movant under the specific circumstances of this case. *See Plaintiffs' Response*, at pp. 10-11 (alleging "duty to speak" arises by operation of law); *compare Plaintiffs' Complaint*, at ¶¶ 109, 178(e), 185 (only portions of Plaintiffs' Complaint alleging general, nebulous, unarticulated "duty to speak" on all Defendants).

Movant's Motion specifically addressed the fact that Plaintiffs have utterly failed to plead any legally cognizable facts against Movant to support even an arguable basis for the recognition of a duty of disclosure on Movant (even assuming a duty could be recognized in theory under the law). *See Movants' Motion*, at pp. 14-19. As reiterated in their Response, the totality of the claims against Movant are predicated upon his <u>alleged</u> knowledge (including alleged constructive knowledge) of acts or omissions of others, which itself is based upon either "information and belief" or mere "inference". *Plaintiffs' Response*, at pp. 6-7 (alleging that "inferences" from allegations against others gave Movant "at least constructive knowledge" of alleged fraudulent

---

[7] Plaintiffs do not assert a claim of breach of fiduciary duty against Movant. *See Movant's Motion*, at pp. 16-19, n. 9 (highlighting fact that Plaintiffs have not alleged that Movant owed them a fiduciary duty or that Plaintiffs have brought a claim against Movant for alleged breach of fiduciary duty).

acts).⁸

Plaintiffs' Complaint is completely devoid of any specific facts about how Movant allegedly obtained this "knowledge", and simply alleging that someone's knowledge should be "inferred" or implied is legally insufficient to establish a duty to disclose. *See Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (noting that while "fraud pleadings may be based on information and belief . . . this luxury 'must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'"), (quoting *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2nd Cir. 1990)); *see also Schroeder v. Wildenthal*, No. 3:11-CV-0525-B, 2011 WL 6029727, at *3-4,7 (N.D. Tex. Nov. 30, 2011) (granting defendant's motion to dismiss under Rule 12(b)(6) and dismissing plaintiff's claims of fraud with prejudice, noting that "a number of courts have stated unequivocally that a fiduciary duty, or at least some duty resembling a fiduciary duty, is necessary to allege a constructive fraud cause of action.") (citations omitted). Plaintiffs' Response does nothing to either change these requirements or somehow resuscitate Plaintiffs' Complaint into a viable pleading against Movant.

### D. Plaintiffs' Response Only Serves to Highlight the Complaint's Deficiencies.

Plaintiffs' Response is merely a regurgitation of the same deficient claims and allegations contained in Plaintiffs' Complaint. *See Plaintiffs' Response*, at pp. 3-7, 12, 14, 17-20, n. 2-17, 47-54, 64-72, 80-81, 85-87, 91-98 (containing citations to over a hundred paragraphs of Plaintiffs' Complaint); *accord Plaintiffs' Response*, at p. 11, ¶ a. ("Plaintiffs' Complaint is **replete with**

---

8   *Accord Plaintiffs' Complaint*, p. 32, ¶ 99 (alleging that "***upon information and belief***" Defendants were "aware of (by actual or constructive knowledge) (emphasis added), p. 61, ¶ 139(a) (conclusory and unsupported contention that Movant had "full knowledge of the Promissory Note-Fraud schemes" without any facts alleged to demonstrate what or how Movant allegedly obtained such knowledge), p. 73, ¶ 146 (alleging that "[p]roof of *scienter **can be inferred*** from" recital of generic allegations related to alleged schemes) (emphasis added), p. 76 (alleging that Defendants engaged in alleged schemes and "***upon information and belief***", [with Movant's] full knowledge.") (emphasis added), p. 78, ¶ 146(c)(x) (conclusory allegations merely contending that Movant "knew" of alleged schemes, confusingly and summarily alleging that Movant had "actual, personal knowledge (***or constructive knowledge***)" regarding alleged schemes "or came to know of them") (emphasis added).

**MOVANT'S REPLY TO PLAINTIFFS' RESPONSE TO
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM – Page 7**

*allegations* of [Movant's] actionable silence, omissions, and nondisclosures"), p. 14-15 ("*scienter can be inferred from a litany of facts* . . . which are here assumed to be true . . that [Movant] had "manifest knowledge" of alleged schemes . . . "[Movant's] fraudulent *intent may be inferred*, because they establish [Movant's] motive [and opportunity] to commit securities fraud"), p. 19 ("Each of these causes of action – as directed to [Movant] – are predicated upon his actionable silence, omissions, and nondisclosures, *amply detailed in the Complaint*"), p. 20 ("because Plaintiffs' fraud-based claims are sufficiently pleaded . . . , so too are Plaintiffs' claims of unjust enrichment, civil conspiracy, aiding and abetting, and accounting.").

Both the Complaint and the Response rely <u>exclusively upon conclusory allegations</u>, such as the allegation that knowledge of other person's actions may be "imputed" to Movant or that the claims against Movant can be "inferred" from the generic "fraud scheme" allegations. *Plaintiffs' Response*, at p. 6, fn. 15 (alleging Movant was the "architect" of the "plan") (citing to *Plaintiffs' Complaint*, at ¶¶ 72-92 (containing general allegations that Defendants engaged in a "scheme" or "plan" to defraud Plaintiffs).

However, nowhere in their Complaint or their Response do Plaintiffs even attempt to specify how Movant allegedly obtained knowledge of the alleged "fraud scheme", such as by alleging that on date "X," a document was sent to Movant containing "X" information or that person "X" told Movant this specific information, as opposed to merely contending that Movant is automatically liable simply due to his role as an officer or director of one of the named entities. *See e.g. Plaintiffs' Complaint*, at ¶ 68 ("as an officer of SHRG [Movant] . . . learned of the fraud and the fraudulent [scheme]"), ¶ 70 ("[Movant] . . . subsequently learned of Oblon's fraud"), ¶ 71 2. ("*Current and Former Officers and Directors of SHRG, Oblon, Brock and [Movant], as well as Bollinger and CTH, Schemed to Orchestrate a Fraudulent Transfer*"). Plaintiffs' Response

reiterates that the allegations against Movant boil down to a generic claim that he was the "architect" of the "plan" to defraud Plaintiffs. *Plaintiffs' Response*, at p. 6, n. 15 (alleging Movant was the "architect" of the "plan") (citing to *Plaintiffs' Complaint*, at ¶¶ 72-92 (containing general allegations that Defendants engaged in a "scheme" or "plan" to defraud Plaintiffs). In fact, general allegations that a defendant was the "architect" of some alleged fraud are exactly the same type of allegations which the Court in *Iqbal* held were not entitled to a presumption of truth:

- "'[Defendants] knew of, condoned, and willfully and maliciously agreed to subject [Plaintiff]' to harsh conditions of confinement . . ." *Iqbal*, 556 U.S. at 680.

- One defendant was the "'principal architect' of the invidious policy" and another defendant was "'instrumental' in adopting and executing [the policy]." *Id.* at 681.

Plaintiffs' Complaint contains nothing more than generic, conclusory allegations, and is noticeably void of any specific facts alleging who provided Movant with what information when, or how such information was fraudulent. As such, Plaintiffs' Complaint is legally insufficient to satisfy Plaintiffs' pleading burdens under Rules 9(b) and 12(b)(6), and Plaintiffs' Response adds nothing and does nothing to salvage the Complaint from these deficiencies. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim).

### E. No Amended Pleading Requested or Permitted.

Plaintiffs have not requested or sought relief to amend their Complaint; thus, no such relief can be granted. Even if Plaintiffs had requested such relief, any amendment would be futile and thus leave to amend should be rejected because it clearly appears beyond doubt that Plaintiffs can prove no set of facts in support of their claims against Movant. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir. 2003) (holding that "the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion and allowing

[plaintiff] to amend the complaint would be futile."); *accord Landavazo v. Toro Co.*, 301 F. App'x 333, 337 (5th Cir. 2008) ("The district court does not abuse its discretion in denying leave to amend if allowing amendment of the complaint would be futile.").

## CONCLUSION

Plaintiffs' Complaint, and now Plaintiffs' Response, attempt to allege a claim of fraud against Movant by the use of sheer volume and generic allegations of an alleged "scheme" among all Defendants. The lack of specific allegations against Movant is apparent on the face of Plaintiffs' Complaint, and Plaintiffs' Response is an attempt to either substitute the Complaint's lack of merit or just further muddy the waters in hopes of diverting the Court's attention away from the simple fact that the Plaintiffs cannot articulate a single actionable claim against Movant. These are precisely the type of nebulous and unarticulated allegations which Rules 9(b) and 12(b)(6) are aimed at dismissing at the onset of a case. Plaintiffs' Complaint clearly fails to satisfy its burden of pleading fraud with particularity as to Movant, rendering such claims fatally defective and ripe for dismissal.

WHEREFORE, PREMISES CONSIDERED Defendant/Movant John "JT" Thatch respectfully requests that the Court enter an Order granting his Motion, setting forth in such Order that all of Plaintiffs' claims and causes of action asserted against Movant are dismissed in their entirety without affording Plaintiffs an opportunity to amend their pleadings as to Movant, and that the Court grant Plaintiffs such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ Matthew K. Davis
Matthew K. Davis
State Bar No. 05526000
E-mail: mdavis@jonesdavis.com
Designated Lead Attorney
Scott R. Meyer
State Bar No. 24051046
E-mail: smeyer@jonesdavis.com

JONES, DAVIS & JACKSON, PC
15110 Dallas Parkway, Suite 300
Dallas, Texas 75248
Telephone:    (972) 733-3117
Fax:          (972) 733-3119

ATTORNEYS FOR DEFENDANT
JOHN "JT" THATCH

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2021, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Eastern District of Texas, using the Electronic Case Filing system of the Court, which will provide service copies to all counsel of record by electronic means.

/s/ Matthew K. Davis