IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DENNIS BURBACK, KEN EDDY and MARK ANDERSEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-CV-946-SDJ |
| ROBERT OBLON, JORDAN BROCK, JEFF BOLLINGER, JOHN THATCH, FOUROCEANS GLOBAL, LLC, FOUR OCEANS HOLDING, INC., ALCHEMIST HOLDINGS, LLC, ELEPRENEURS U.S., LLC, ELEVACITY U.S., LLC, SHARING SERVICES GLOBAL CORPORATION, and CUSTOM TRAVEL HOLDINGS, INC., | § § § § § § § § § § | |
| Defendants. | § § | |

**DEFENDANTS JORDAN BROCK AND ALCHEMIST HOLDINGS, LLC'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants Jordan Brock ("Brock") and Alchemist Holdings, LLC ("Alchemist") (collectively "Movants" or  "Defendants"), file this Reply in Support of Motion to Dismiss [Dkt. 39], and would respectfully show the Court as follows:

## I.    INTRODUCTION

The Original Complaint ("Complaint") consists of facially deficient federal securities fraud claims under Section 10(b) of the Securities Exchange Act and SEC Rule 10b-5 and inadequately pleaded state law claims, including statutory fraud, common law fraud, fraud by nondisclosure, unjust enrichment, civil conspiracy to commit fraud, aiding and abetting,

equitable accounting, constructive trust or receivership, and breach of fiduciary duty. Plaintiffs have used their Response to Defendants Brock and Alchemist Holdings, LLC's Motion to Dismiss ("Response") [Dkt. 45] to mischaracterize the allegations in the Complaint, improperly lump allegations together against multiple defendants, and add factual and legal allegations not contained in their Original Complaint, all in an attempt to circumvent Movants' Motion to Dismiss. Despite Plaintiffs' endeavor, their claims against Movants still fail and should be dismissed.

## II.   <u>ARGUMENTS</u>

### A.   <u>Count 1 is Barred by the Statute of Repose Because The Allegations of Fraud Occurring After The Accrual Date Are Not "In Connection With The Purchase or Sale of a Security"</u>

Plaintiffs claim that the alleged Promissory Note Fraud Scheme ("PNFS") and CTH Stock-Fraud Scheme ("CSFS") are "separate, but interrelated fraudulent investment schemes that took place over a period of years." (Resp. at p. 3). Plaintiffs describe in the Complaint when one alleged scheme ends and the other begins. For example, when listing instances of the fraudulent statements and omissions under Count 1 for the alleged PNFS, Plaintiffs allege fraud from approximately late-July 2015 up through September 10, 2015, the execution of the FOG promissory notes. (Compl. ¶ 124). In contrast, in the Response, Plaintiffs assert that the alleged PNFS was "ongoing" when their investments in FOG were "migrated to other entities" in the Spring of 2016 and their equity ownership in FOG was sold to SHRG in October of 2017. (Resp. at p. 5). Plaintiffs further describe those transactions as "lead[ing] to the subsequent separate, but interrelated, CSFS." (*Id*.). However, whether Plaintiffs characterize those alleged actions (migrating assets and transferring FOG ownership interests) as part of the alleged PNFS or the alleged CSFS is irrelevant. The alleged fraudulent acts taking place after the completion of the

FOG transaction on September 10, 2015 are not actionable under Count 1 for securities fraud because they are not made "in connection with the purchase or sale of a security."

In the Response, Plaintiffs do not dispute that a five-year statute of repose applies to Plaintiffs' federal securities fraud claims. (Resp. at p. 7). Instead, Plaintiffs argue that the five-year statute of repose does not bar Plaintiffs' claims under Count 1 because the statute does not begin to run until "the date of the last culpable act or omission of the defendant." (*Id.* at pp. 7, 10) (citing *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804, 201 L. Ed. 2d 123 (2018)). Specifically, Plaintiffs assert that the fraud under Count 1 extends beyond completion of the transaction on September 10, 2015:

> Defendants migrated Plaintiffs' investments in FOG to other entities… in the Spring of *2016* and were sold, along with Plaintiffs equity ownership interest in FOG, to SHRG in *October 2017*, all of which was part of Defendants' ongoing fraud that ultimately came to fruition in the subsequent separate, but interrelated CSFS…. Conservatively, the "last culpable act or omission" in connection with Count 1 occurred well within five years of the later 2016 and 2017 events the Complaint explicitly lists as part of the PNFS.

> (Resp. at p. 10).

However, the alleged acts in 2016 and 2017 cannot be part of a federal securities claim because they were not made in connection with the purchase or sale of a security.[1] To be a "culpable act or omission" under federal securities law, allegedly wrongful acts that that take place **after** the close of the transaction do not satisfy this requirement.[2] Here, taking Plaintiffs'

---

[1] *See* 15 U.S.C. § 78j (b); 17 C.F.R. § 240.10b-5; *see also Halliburton Co. v. Erica P. John Fund, Inc.,* 573 U.S. 258, 134 S. Ct. 2398, 2407 (2014) (to recover damages for violations of § 10(b) and Rule 10b-5, a plaintiff must prove: (1) a material misrepresentation or omission by the defendant; (2) scienter; *(3) a connection between the misrepresentation or omission and the purchase or sale of a securit*y; (4) reliance on the misrepresentation or omission; (5) economic loss; and (6) loss causation).

[2] *See e.g. Sec. & Exch. Comm'n v. Mapp*, 240 F. Supp. 3d 569, 580 (E.D. Tex. 2017) ("statements following a sale of securities are not made 'in connection with the purchase or sale' of securities."); *Town North Bank, N.A. v. Shay Fin. Servs., Inc.*, No. 3:11-CV-3125-L, 2014 WL 4851558, at *25 (N.D. Tex. Sept. 30, 2014) (dismissing federal securities fraud claim based on alleged post-sale misrepresentations or omissions); *Taylor v. Westor Capital Grp.*,

---

allegations as true, the last possible culpable act or omission under the PNFS took place on September 10, 2015, when Plaintiffs executed the FOG Note Purchase Agreements and completed the transaction to purchase their interests in FOG. In other words, Plaintiffs' allegations of actions and statements after September 10, 2015 were not material to Plaintiffs' decisions to purchase the FOG shares and have no nexus to the transaction.

Because the alleged fraud in 2016, 2017, and thereafter does not bear a sufficient connection to Plaintiffs' purchase of the FOG securities, it cannot be utilized to save Plaintiffs' time-barred claims under Count 1, and Count 1 should be dismissed.

**B.**     **Plaintiffs' Securities Fraud Claims Do Not Satisfy The Heightened Pleading Standards Under the PSLRA and Rule 9(b)**

    *1.  Plaintiffs' ignore the heightened pleading requirements under the PSLRA, specifically regarding allegations made upon information and belief*

In the Response, Plaintiffs incorrectly assert that their allegations made on information and belief are adequate and accepted in the Fifth Circuit. (Resp. at pp. 12-13). However, Count 1, to the extent that it is not time-barred, as well as Count 2, must fail because the Complaint does not particularly allege false or misleading statements or omissions or Movants' knowledge of such statements or omissions. Instead, the Complaint makes broad and unsupported allegations as to Movants' involvement in the alleged schemes based on unexplained information and belief. As stated in more detail below, these allegations made on information and belief are not

---

943 F. Supp. 2d 397, 402 (S.D.N.Y. 2013) ("in connection with" requirement is not satisfied by allegedly wrongful acts that post-date the sale of the securities); *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 630 F.3d 866, 871 (9th Cir. 2010) (citations omitted) ("Where the alleged fraudulent misrepresentations are not made 'in connection with' the purchase of securities, the conduct is not actionable under section 10(b) because 'the alleged fraud upon the shareholders of the corporation [is] not of the type the securities laws were intended to remedy.'"); *Arst v. Stifel, Nicolaus & Co., Inc.*, 86 F.3d 973, 977 (10th Cir. 1996) (holding that allegedly deceptive practices occurring after the sale of securities was not in connection with the purchase or sale of securities); *see also Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387, 134 S. Ct. 1058, 1066, 188 L. Ed. 2d 88 (2014) ("a fraudulent misrepresentation or omission is not made 'in connection with' a purchase of sale of a covered security unless it is material to a decision to buy or to sell a covered security").

---

Defendants Jordan Brock and Alchemist Holdings, LLC's Reply in Support of Motion to Dismiss

adequately supported with facts specific to Movants, and thus do not satisfy the heightened particularity standard for these types of allegations under the PSLRA.

As stated in Movant's Motion to Dismiss, claims brought under Section 10(b) of the Exchange Act and Rule 10b-5 are subject to pleading requirements of Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). "The PSLRA **further enhances** the 'particularity' requirements for pleading securities fraud under Rule 9(b)." *Rent-A-Ctr., Inc.*, 2017 WL 6398742, at *6 (emphasis added). For example, the PSLRA imposes a more stringent standard than Rule 9(b) for allegations made on information and belief. "If an allegation regarding the statement or omission is made on information and belief, *the complaint shall state with particularity all facts on which that belief is formed*." 15 U.S.C. §§ 78u-4(b)(1); *see also ABC Arbitrage Plaintiffs Group v. Tchuruk,* 291 F.3d 336, 353 (5th Cir. 2002); *Hall v. Rent-A-Ctr., Inc.*, 4:16CV978, 2017 WL 6398742, at *17 (E.D. Tex. Oct. 19, 2017), report and recommendation adopted, 4:16CV978, 2017 WL 6379334 (E.D. Tex. Dec. 14, 2017).

In *ABC Arbitrage Plaintiffs Group*, the Fifth Circuit explains various circumstances where the complaint must identify personal sources and documentary evidence to support specific allegations made on information in belief. 291 F.3d at 353. For example, the Court assessed certain allegations made on information and belief regarding alleged false statements made by defendant and determined such allegations were sufficiently particular, obviating the need for identifying personal sources as the basis for the allegations about defendant's knowledge, because the complaint "provide[d] the name of the documentary evidence, its date, and the name and position of the [source of information]" to support said allegations. *Id.* at *356.

Here, Plaintiffs assert in conclusory fashion that they provided "exactly the sort of detail" as the detail required by *ABC Arbitrage Plaintiffs Group*. (Resp. at p. 13). But unlike that case, Plaintiffs do not identify in the Response what that detail is or how it is used to specifically support the Complaint's allegations of false misstatements and omissions as to Movants. (*Id*.). Whether Plaintiffs generally identify documents, communications, and supporting facts throughout other parts of the Complaint applicable to other Defendants is not the standard. Instead, Plaintiffs must specifically tie those supporting facts to the claims against Movants. Group pleadings and lumping defendants together in broad allegations does not suffice. *See, e.g. Trendsetter Inv'rs, LLC v. Hyperdynamics Corp.*, 2007 WL 172627, at *13 (S.D. Tex. Jan. 18, 2007); *see also Chyba v. EMC Mortg. Corp.*, 450 Fed. Appx. 404, 406 (5th Cir. 2011) (per curiam); *Bittick v. JPMorgan Chase Bank, NA*, 2012 WL 1372126, at *7 (N.D. Tex. Apr. 18, 2012) (McBryde, J.) ("Plaintiff does not distinguish between [defendants]… it is not possible for the court to discern from the Complaint which allegations are directed at which defendant.").

Specifically as to Count 1, Plaintiffs have not and cannot point to a single allegation in the Complaint about Brock's participation or involvement in conversations, documents, or memoranda regarding the Promissory Note Fraud Scheme. Instead, Plaintiffs make sweeping allegations about Brock's involvement **_based solely on information and belief_** that touch on key elements of Count 1, including, among others: (i) Brock fraudulently solicited investments from non-party investors (¶ 41) (misstatement or omission); (ii) Brock knew of false information or omissions by Oblon related to Plaintiffs' investment in FOG (¶¶ 41, 63, 64, 65, 66, 124(a), 124(b), 124(c), 124(d)) (*see also* ¶ 140(a), 140(b)) (duty to disclose and omission); and (iii) Brock used Plaintiffs' investments to enrich himself (*See* ¶¶ 58, 59, 63, 71, 121(a), 121(b), 124(a), 125, 137(a), 137(b), 141, 146(a), 233(c)) (motive for scienter).

In the Response, Plaintiffs do not identify any supporting facts for these allegations and several others made on information and belief. These unsupported allegations, standing alone, are insufficient to satisfy the heightened pleading requirements under the PSLRA. 15 U.S.C. §§ 78u-4(b)(1); *see also ABC Arbitrage Plaintiffs Group,* 291 F.3d at 353; *Rent-A-Ctr., Inc.*, 2017 WL 6398742, at \*17.

As for Count 2, similar to Count 1, Plaintiffs assert upon information and belief that Brock was aware of alleged false statements or omissions, without providing supporting facts specific to Brock's knowledge or understanding of the alleged CSFS. (*See, e.g.* Compl. at ¶¶ 92, 99, 140(a), 140(c)). Rather than address Movants' argument that these allegations are insufficient, Plaintiffs merely assert that the Complaint is adequately supported with facts without addressing how it is supported specific to Movants. (Resp. at p. 13). Nowhere in the Complaint nor the Response do Plaintiffs even attempt to allege from what source Movants learned of the false or fraudulent information, when they learned it, or how such information was false.

Because Plaintiffs have not adequately separated allegations and supporting facts amongst the Defendants, the Complaint cannot satisfy the requirements of the PSLRA, particularly with regards to the unfounded allegations made against Movants on information and belief. Additionally, because Plaintiffs do not link each allegation of falsity or Movants' awareness thereof to the source of information or reason for belief, the Court cannot evaluate the reliability of the allegation. *See ABC Arbitrage Plaintiffs Group,* 291 F.3d at 353. Therefore, Plaintiffs' claims against Movants fail to satisfy the heightened pleading standards of the PSLRA.

---

### 2. Plaintiffs' allegations as to Count 1 against Brock are not actionable securities fraud because they are not made in connection with the purchase or sale of a security

As noted above, as for Count 1, Plaintiffs have not plead with PSLRA particularity that Brock actually knew of Oblon's alleged omissions or misstatements. Further, Plaintiffs have failed to adequately plead that Brock made an omission capable of "misleading [Plaintiffs]" **prior to the purchase of the FOG shares (i.e., in connection with the purchase of a security)**. *See e.g. Mapp*, 240 F. Supp. 3d at 580; *see also* (Resp. at pp. 16-17) (citing *Hall v. Rent-A-Ctr., Inc.*, 2017 WL 6398742 (E.D. Tex. 2017) (emphasis added). As discussed with regard to the statute of repose, the Complaint does not adequately allege any involvement or knowledge by Brock *before* Plaintiffs' purchase of FOG shares. Rather, the Complaint simply states that Brock may have <u>subsequently</u> learned of Defendant Oblon's actions, misstatements, and omissions:

> 70.   As alleged in subsequent paragraphs, Defendants SHRG, FOHI, Brock (to the extent not already known), Thatch (to the extent not already known), Bollinger, CTH and Alchemist, subsequently learned of Oblon's fraud perpetrated on Plaintiffs, had full knowledge of

(Compl. at ¶ 70) (emphasis added).

The allegations against Brock under Count 1 do not identify any action or inaction material to Plaintiffs' investment in FOG, and thus there are no actionable claims against Brock in connection with the purchase or sale of a security. *See Chadbourne,* 571 U.S. at 387.

### 3. As for Count 2, the Complaint does not plead with particularity how Brock's alleged statements were false

Plaintiffs have failed to explain with PSLRA particularity how Brock's statements as part of the alleged CSFS were false. In the Complaint, Plaintiffs describe a handful of conversations they had with Brock and others, but do not describe how Brock's statements were false at the

time they were made. For example, the Complaint alleges that Brock said Defendants "had a 'plan' to get Plaintiffs their ownership and equity interest in FOG converted into stock of Oblon's new company [SHRG]." (Compl. at ¶¶ 73-74). Additionally, the Complaint alleges that Brock represented Defendants were "working on the value of the vehicle to make this happen" and that "it would happen in the next few months." (*Id.* at ¶¶ 75, 82). But Plaintiffs have not described how any alleged statements about future plans were false. These alleged statements are nothing more than aspirational and immaterial puffery, incapable of being false. *See In re Franklin Bank Corp. Sec. Litig.,* 782 F. Supp. 2d 364, 381 (S.D. Tex. 2011), aff'd sub nom. *Harold Roucher Tr. U/A DTD 9/21/72 v. Nocella,* 464 Fed. Appx. 334 (5th Cir. 2012) ("statements that are predictive in nature are actionable only if they were false when made").

Plaintiffs' allegations about a future plan that did not come to fruition does not show that these statements were false <u>at the time the statements were made</u>. *See In re BP p.l.c. Sec. Litig.*, 843 F. Supp. 2d 712, 772 (S.D. Tex. 2012) (to be fraudulent, a "statement must be false or misleading at the time it was made."). Brock's alleged knowledge of facts <u>after</u> making an alleged statement or omission is not sufficient. *In re Franklin Bank Corp. Sec. Litig.*, 782 F. Supp. at 376 ("[a] plaintiff cannot charge a defendant with intentionally misleading investors about facts the defendant may have become aware of *after* making an allegedly misleading statement"); *In re Entrust Sec. Litig.*, 2002 WL 31968321, at *5 (E.D. Tex. Sept. 30, 2002) (finding no scienter where "plaintiffs have pleaded no specific facts that indicate at the time the alleged [misrepresentations] were made, the defendants had actual knowledge of contradictory facts.").

Because the Complaint has not and cannot establish that Movants knowingly concealed false statements made by others or made any false, actionable statements in connection with the

purchase or sale of a security, Plaintiffs' securities fraud claims against Movants should be dismissed in their entirety.

### 4. *Plaintiffs' claims against Alchemist must be dismissed because Plaintiffs have not stated a claim against Brock*

In the Response, Plaintiffs narrow the focus of their claims against Alchemist and allege that the claims are solely based on Brock's acts and omissions: "Plaintiffs' claims against Brock's corporate vehicle, Alchemist" are based on "the specifically and exhaustively pleaded fact that Brock and Alchemist are alter egos, and that Brock knew, but fraudulently omitted to disclose, key information in furtherance of Defendants' fraud." (Resp. at p. 19). Thus, according to Plaintiffs' own argument, Plaintiffs must first establish a viable claim against Brock before it can establish a viable claim against Alchemist. Because Plaintiffs' claims are completely dependent on their ability to establish a claim against Brock, and, as stated above, Plaintiffs' have not done so, Plaintiffs' claims against Alchemist must also fail.

## III.   <u>PRAYER</u>

For these reasons, and those stated in the Motion to Dismiss (Dkt. 39), Defendants Jordan Brock and Alchemist Holdings, LLC respectfully pray that their Motion be granted in all things, that Plaintiffs be denied the opportunity to replead their deficient claims, that judgment be rendered in favor of Brock and Alchemist on all claims by Plaintiffs, and the Court grant such other and further relief, at law and equity, to which they may justly be entitled.

Dated: April 2, 2021.

Respectfully submitted,


By: _____ */s/  John A. Scully*_____

   JOHN A. SCULLY
State Bar No. 17936500
John.Scully@cooperscully.com
NISHA P. BYERS
State Bar No. 00791460
Nisha.Byers@cooperscully.com
CHAD M. NELSON
State Bar No. 24102930
Chad.Nelson@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas  75202
Telephone: 214-712-9500
Facsimile: 214-712-9540

**Attorneys for Defendants Jordan Brock
and Alchemist Holdings, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via the Court's electronic filing system on this the 2nd day of April, 2021.


_____ */s/ John A. Scully*_____
John A. Scully